Manuel GOMEZ, Jr.; Samuel Jose Gomez; Dario Escontrias; Brenda Gomez; George Gomez; Fabiola Gomez; Alma Arteaga, Plaintiffs–Appellants,

v.

CITY OF WHITTIER; Elizarraras, Officer; Hibbler, Officer; Irwin, Officer; Letther, Officer; Ponce, Officer; Salazar, Officer; Scoggins, Officer; UHL, Officer, Defendants–Appellees.

No. 04–56944.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Nov. 30, 2006.

Anita O. Aviles, Esq., Law Offices of Eduardo Olivo, Downey, CA, for Plaintiffs–Appellants.

Steven A. Sherman, Esq., Erik M. McLain, Esq., Ferguson, Praet & Sherman, Santa Ana, CA, for Defendants–Appellees.

Before: PREGERSON, HALL, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Manuel Gomez, Jr. ("Manuel"), Samuel Jose Gomez ("Samuel"), Dario Escontrias ("Dario"), Brenda Gomez ("Brenda"), George Gomez ("George"), Fabiola Gomez ("Fabiola"), and Alma Arteaga ("Alma") (collectively, "plaintiffs" or "the Gomez Group") appeal the summary judgment grant to the City of Whittier, California ("the City") and eight Whittier police officers ("officers") on plaintiffs' various federal and state law claims arising out of the officers' use of force against, and arrest of, members of the Gomez Group during the 2002 Whittier Uptown Family Fest. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## I.  42 U.S.C. § 1983 Claims

The City is entitled to summary judgment on all of plaintiffs' § 1983 claims because it cannot be held vicariously liable for the officers' actions and plaintiffs fail to raise a genuine issue of material fact that the officers' conduct was pursuant to an unconstitutional policy or custom, or the result of the City's deliberate indifference to an inadequate training program. *See City of Canton v. Harris,* 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### A)  False Arrest

The district court did not err in granting summary judgment on plaintiffs' Fourth Amendment false arrest claims.[1]  To prevail on their § 1983 false arrest claims, plaintiffs must show there was no probable cause for their arrests. *See Dubner v. City & County of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001).  Probable cause exists when, under the totality of circumstances known to the arresting officer, a reasonable person would believe the suspect had committed a crime. *Id.* at 966.  Plaintiffs' admitted facts demonstrate that the officers had probable cause to believe the plaintiffs had violated California Penal Code § 148(a)(1)—resisting a peace officer—and their arrests were therefore lawful.

Plaintiffs were part of a large crowd that did not immediately comply with the officers' commands to clear the sidewalk.  While attempting to disperse the crowd, Officer Salazar ("Salazar") perceived that George was staring at him, confronted George, and asked the plaintiffs to leave.  The Gomez Group did not comply and argued with the officers.  Brenda put her hand in Salazar's face and Salazar swatted

it away, prompting George to immediately reach for Brenda and state: "Don't touch my sister."  In the course of events, a soda can struck an officer.

■ In light of these facts, coupled with the officers' legitimate interest in maintaining order and control at a crowded outdoor festival, plaintiffs' arrests were supported by probable cause. *See Forrester v. City of San Diego,* 25 F.3d 804, 807 (9th Cir.1994) (legitimate law enforcement interest in quickly dispersing and removing lawbreakers from large crowd).

■ Even if plaintiffs were able to establish that their arrests violated the Fourth Amendment, the officers were entitled to summary judgment on the basis of qualified immunity because it was not clearly established that the officers' actions—arresting plaintiffs after they vociferously refused to comply with the officers' instructions—violated the plaintiffs' constitutional rights.  Given the officers' legitimate interest in maintaining order at a crowded festival, the officers could have reasonably believed plaintiffs' arrests were lawful. *See Saucier v. Katz,* 533 U.S. 194, 202, 205–07, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Finally, because Brenda and Dario pled *nolo contendere* to "disturbing the peace," § 1983 relief is unavailable on their false arrest claims because a finding that the officers lacked probable cause for their arrests "would necessarily imply the invalidity" of their convictions, which have not been otherwise invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

### B)  Excessive Force

Nor did the district court err in granting summary judgment on plaintiffs' excessive

---

1. Because Alma and Fabiola were not arrested, only Manuel, George, Brenda, Samuel, and Dario raise Fourth Amendment false arrest claims.

force claims. To prevail on a § 1983 excessive force claim, a plaintiff must show that the officer's actions were objectively unreasonable under the circumstances. *Graham v. Connor,* 490 U.S. 386, 388, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Determining the "reasonableness" of a particular application of force requires "careful attention to the facts and circumstances of each particular case," taking into account the "split-second judgments" often required in law enforcement. *Id.* at 396–97. The authority to arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. However, whether the force used was reasonable requires examination of a variety of factors, including the degree of force used and whether the suspects posed a threat to the officers or others. *See Smith v. City of Hemet,* 394 F.3d 689, 701 (9th Cir.2005) (en banc) (citing *Graham,* 490 U.S. at 396, 109 S.Ct. 1865).

■ Accepting plaintiffs' version of events—including the type and degree of force used and the claimed injuries—the degree of force used was not objectively unreasonable given the officers' probable cause for plaintiffs' arrests, the volatile situation the officers faced, and the legitimate interest in maintaining order and safety.

In effectuating the lawful arrests, the officers allegedly struck, tackled, and restrained plaintiffs during handcuffing—relatively minor intrusions given the circumstances. *See, e.g., Jackson v. City of Bremerton,* 268 F.3d 646, 652 (9th Cir.

2001) (summary judgment appropriate and degree of force "minimal" where officers encountered a disobedient crowd and arrestee was sprayed with chemical irritant, pushed to ground during handcuffing, and pulled to her feet roughly). The officers did not use pepper spray, a police dog, or a weapon of any kind, and the plaintiffs' alleged injuries were minor.[2]

The "most important single element" in the reasonableness analysis is the threat posed by the plaintiffs at the time of the incident. *City of Hemet,* 394 F.3d at 702. Here, the officers were confronted with a large, unresponsive crowd and became engaged in a verbal and physical altercation with plaintiffs as they attempted to disperse the crowd. In light of the officers' legitimate interest in maintaining control of the crowd, and based on plaintiffs' admitted behavior, the officers could have reasonably felt threatened and the level of force used was therefore "reasonable and necessary to control [the] 'rapidly evolving' and escalating situation." *Jackson,* 268 F.3d at 653.

■ Even if plaintiffs were able to establish that the level of force used was "excessive," the officers were entitled to summary judgment based on qualified immunity because it was not clearly established that the officers' actions—tackling and restraining an unruly group among a large, unresponsive crowd—violated the plaintiffs' constitutional rights. The contours of the right against excessive force in this context were not so clearly established at the time that a reasonable officer would have known that his conduct was unlawful.

2. *Cf., e.g., City of Hemet,* 394 F.3d at 702 (summary judgment inappropriate where plaintiff was pepper-sprayed four times and attacked by police dog three times); *Boyd v. Benton County,* 374 F.3d 773, 778 (9th Cir. 2004) (use of "flash-bang" explosive device in occupied apartment without warning "excessive"); *Santos v. Gates,* 287 F.3d 846, 854 (9th Cir.2002) (summary judgment inappropriate where "takedown" of plaintiff during arrest resulted in his broken back); *Robinson v. Solano County,* 278 F.3d 1007, 1014–15 (9th Cir.2002) (en banc) (brandishing a gun at unarmed citizen may constitute excessive force).

*See Saucier,* 533 U.S. at 202, 205–07, 121 S.Ct. 2151.

### C) First Amendment

Summary judgment on plaintiffs' First Amendment claims was appropriate because there is no evidence in the record that defendants intended to interfere with plaintiffs' First Amendment rights. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999). To the contrary, plaintiffs' arrests were supported by probable cause that a crime had been committed and a reasonable level of force was used to effectuate their arrests.

### D) Fourteenth Amendment

Summary judgment was also proper on plaintiffs' Fourteenth Amendment claims. As conceded by plaintiffs, because their false arrest and excessive force claims fall "squarely within the scope of the Fourth Amendment," they must be analyzed according to its principles, and not under the generalized notion of Fourteenth Amendment substantive due process. *See County of Sacramento v. Lewis,* 523 U.S. 833, 843, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

Plaintiffs' equal protection claims also fail because they raise no genuine issue of material fact that the officers' actions were motivated by race, or any other impermissible ground. *See United States v. Kidder,* 869 F.2d 1328, 1336 (9th Cir.1989).

### II. State Law Claims

### A) California Civil Code § 51.7 and § 52.1

The district court did not err in granting summary judgment on plaintiffs' claims under California Civil Code § 51.7 and § 52.1.Section 51.7 relief is unavailable because plaintiffs raise no genuine issue of material fact that the officers' actions were motivated by the plaintiffs' race. Plaintiffs do not allege the officers made any comment specifically regarding their race and the statements that were made are far too general to reasonably permit such an inference.

Section 52.1 provides for recovery of damages for the violation of an individual's federal or state constitutional rights. With respect to federal constitutional violations, § 52.1 essentially duplicates § 1983. Accordingly, California courts have concluded that, under the principles of *res judicata,* an adverse § 1983 ruling bars relief for the same claims under § 52.1. *See City of Simi Valley v. Superior Court,* 111 Cal.App.4th 1077, 1083, 4 Cal.Rptr.3d 468 (Cal.Ct.App.2003). Because plaintiffs' § 1983 claims fail and they do not allege separate California constitutional violations, their § 52.1 claims also fail. *See id.* at 1085, 4 Cal.Rptr.3d 468.

### B) Assault and Battery

There was no error in granting summary judgment on plaintiffs' assault and battery claims because, as discussed above, the officers had probable cause to arrest plaintiffs and the level of force used in effectuating these arrests was reasonable. *See* Cal.Penal Code § 835a ("Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest . . . .").

### C) Intentional Infliction of Emotional Distress ("IIED"), Negligence, and Negligent Infliction of Emotional Distress ("NIED")

Plaintiffs' IIED claims fail because they do not raise a genuine issue of material fact that their emotional distress was "severe" or that the officers' conduct was "extreme and outrageous." *Wilkins v. Nat'l Broad. Corp.,* 71 Cal.App.4th 1066, 1087, 84 Cal.Rptr.2d 329 (1999).

Plaintiffs' negligence claims fail because they neither set forth the applicable standard of care, nor specify how it was breached by defendants. Rather, plaintiffs merely restate their false arrest and excessive force allegations. As such, plaintiffs fail to raise any genuine issues of material fact as to whether the officers violated the standard of care necessary to find negligence. Because NIED and negligence are the same tort, the NIED claims also fail. *See Marlene F. v. Affiliated Psych. Med. Clinic, Inc.,* 48 Cal.3d 583, 588, 257 Cal.Rptr. 98, 770 P.2d 278 (1989). As the officers are entitled to summary judgment on these claims, the City is also.[3] *See Eastburn v. Reg'l Fire Prot. Auth.,* 31 Cal.4th 1175, 7 Cal.Rptr.3d 552, 80 P.3d 656, 657–58 (2003) (holding that a city cannot be directly liable for negligence, but can only be vicariously liable for the actions of its employees).

### D) False Arrest

Finally, there was no error in granting summary judgment on plaintiffs' state law false arrest claims because the arrests were supported by probable cause.

**AFFIRMED.**

3. Because their conduct was reasonable, the officers, and by extension the City, would also be entitled to immunity under state law. *See* Cal.Penal Code § 847 (no false imprisonment liability where there is reasonable cause to believe arrest was lawful); Cal. Gov't Code § 820.4 (no liability where public employee acts with due care in execution or enforcement of any law); *id.* § 815.2(b) (city immunity).